SIGMUND ROTHSCHILD AND OTHERS, APPELLANTS, v. EMANUEL SALOMON AND OTHERS, RESPONDENTS.

*Assignment — a withdrawal from the firm assets, before an assignment, of money for the future living expenses of the parties, and a false entry in the firm books thereof, vitiate the assignment.*

In an action, brought to set aside an assignment for the benefit of creditors on the ground that the assignors had reserved money out of the assets of the firm for the benefit of the individual members thereof, it appeared that the assignment was made on January 23, 1888; that, on January twentieth, a check was given to the wife of one of the assignors for $402, which was charged to household expenses, and on January twenty-first another check was drawn for $3,640, of which $600 was paid to such assignor in cash, $740 to another of the assignors, and $2,300 was delivered to the wife of the first-named assignor, and charged on the books as a loan returned to her. This whole sum of $4,042 was drawn for household uses. There were small bills owing for such purposes to the amount of $1,700, and the balance was intended to be used for living expenses after the making of the assignment. The charge on the books of $2,300, as a loan returned to Mrs. Adler, was false.

*Held*, that this entry made on the books of the firm showed that there was an intent to conceal the true facts in regard to the drawing of this money, and a knowledge on the part of the defendants that they had done wrong in making such an appropriation of the fund.

That the abstraction of this money, in anticipation of, and in preparation for the assignment, entered into and constituted a fraudulent element in a scheme of which the assignment was a part and parcel, and rendered the whole proceeding void.

APPEAL by the plaintiffs from a judgment rendered at the New York Special Term in favor of the defendants, and entered in the office of the clerk of the county of New York on the 16th day of February, 1889.

*Elihu Root*, for the appellants.

*B. F. Einstein*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to set aside an assignment for the benefit of creditors made by the defendants Emanuel Salomon and Henry Adler to the defendant Gustav Salomon.

The assignment is not claimed to be void for anything that

appears upon its face. But the appellants urge that it was part of a fraudulent scheme by these insolvent debtors to create debts abroad by means of false representations, and with the proceeds to protect favored creditors at home; and that the assignment was part of a device to hinder, delay and defraud creditors in respect to their remedies against the real estate of the firm, and that the assignment is fraudulent and void, because of the reservation of moneys out of firm assets by the members of the firm. In the disposition of this appeal, the last objection is the only one that it is deemed necessary to consider. The assignment was made on the 23d of January, 1888. On the 20th of January a check was given to the wife of the defendant Adler for $402, which was charged to household expenses. On the 21st of January another check was drawn for $3,640, of which $600 was paid to the defendant Henry Adler, as cash, and $740 to the defendant Emanuel Salomon, and $2,300 was handed to Mrs. Adler, and charged on the books as a loan returned to her. It appears from the evidence in this case that this whole sum of $4,042 was drawn for household uses; that there were small bills owing to the amount of $1,700, and that the balance was intended to be used for living expenses after the making of the assignment; and that the charge in the books of the $2,300, as a loan to Mrs. Adler, was a false charge, no such money ever having been lent by her, and nothing being due to her.

It is claimed, upon the part of the defendants, that from these facts no fraudulent intent can be deduced, because they were advised by counsel that they had a right to draw certain sums of money for the purpose of subsistence, prior to the making of the assignment. Whether items to the extent of $4,000 could be sustained upon this basis is a question not necessary to be determined, for the reason that the fact that a false entry was made in the books in reference to this matter shows that there was an intent to cover up and conceal the true facts in regard to the drawing of this money, and a knowledge upon the part of the defendants that they had no right to make this appropriation of the fund.

It is true that frauds, prior to the execution of an assignment, will not always invalidate the assignment. In other words, there may be frauds upon an assignment without there being fraud in the assignment. But where the acts are connected together, and form

one scheme, for the purpose of the disposition of the property of the judgment-debtors, then all the acts are to be taken together, and the intent governing the debtors in the doing of one act establishes an intent as to the whole. So, in the case of a voluntary assignment, where there are different acts which are performed leading up to the assignment, and the assignment is only the culmination of the whole thing and a carrying out of the whole scheme, fraud in any one of these acts will vitiate the whole proceeding.

In the case at bar, this money was abstracted in anticipation of and in preparation for the assignment. It was intended to reserve it from the operation of the assignment for the future benefit of the assignors, and the assignment was only a part and parcel of the scheme, and, therefore, the fraudulent intent in withholding this money permeated the making of the assignment, which was simply a culmination of the whole scheme, and renders the whole proceeding void. We do not see how, in view of the large amount abstracted, and the making of the false entry to cover up the same, that it is possible to overlook it, or that the judgment-debtors were actuated by any other motive than that of making future provisions for themselves by abstracting property from the reach of the assignment which they then contemplated making. It is true that our attention has been called to the case of *Vietor v. Nichols* (13 N. Y. St. Rep., 461). But the facts in that case were very different from those before the court. There the amount of money abstracted was limited in the extreme, and was taken for the purpose of paying debts which were due and not for the purpose of supporting the assignors and their families after the making of the assignment. We do not see how any other conclusion can be drawn from these conceded facts, than that there was in the abstraction of this money a fraudulent intent, and that it was part and parcel of the scheme which resulted in the assignment and which fraud must vitiate the whole transaction.

The judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.

CULLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.